IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ANTONIO AUSLER                                                                    **PLAINTIFF**

**V.**                                    **CASE NO. 3:17-CV-03036**

WES BRADFORD;
CORPORAL JAMES COLLINS;
STATE OF ARKANSAS;
TIMOTHY BUNCH; LEE SHORT;
DAN (CHARLES) HANCOCK;
RONALD DAVIS, JR.; and
HONORABLE JOHN PUTMAN                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff has filed this case contending his constitutional rights were violated during a traffic stop and resulting state court prosecution. He asserts claims under 42 U.S.C. §§ 1981, 1983, 1985(3), 1986, 1988(a), 2000d, 18 U.S.C. § 241 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. He proceeds *pro se* and *in forma pauperis* ("IFP").

Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen any complaint in which an individual has sought leave to proceed IFP. 28 U.S.C. § 1915(e)(2). On review, the Court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. BACKGROUND

On June 23, 2015, Corporal James Collins pulled Plaintiff's vehicle over. According

to Corporal Collins' sworn statement, he noticed Plaintiff going from the left lane, to the right lane, and back to the left lane. (Doc. 1-13). He believed Plaintiff was "having difficulty maintaining a constant path." *Id.* He activated his lights and pulled the vehicle over. *Id.*

Corporal Collins stated that when he approached the vehicle he "immediately noticed a very strong odor of burnt marijuana." *Id.* After initially denying he had marijuana, Plaintiff "unfolded his hand" and handed Corporal Collins a "half-consumed cigarillo that was filled with marijuana." *Id.* Plaintiff also handed over a Ziploc bag containing marijuana. *Id.* Corporal Collins then called a wrecker and placed Plaintiff in the back seat of the patrol car. *Id.* Corporal Collins reported that he located several other Ziploc bags of marijuana and a digital scale in a backpack on the front passenger seat. *Id.*

As a result of the stop, Plaintiff was charged with possession of a schedule VI controlled substance (marijuana) with the purpose to deliver; possession of drug paraphernalia; driving while his license was suspended; and careless and prohibited driving. (Doc. 1-43). Later, Plaintiff was charged as a habitual offender.

On May 3, 2017, Plaintiff entered a plea of guilty to the drug possession, paraphernalia possession, driving without a license, and careless and prohibited driving charges. (Doc. 1-2). Plaintiff signed the plea statement acknowledging his understanding of the agreement, his guilt of the charges, that he was entering into the plea agreement freely and voluntarily, and that he had discussed it with his attorney, Lee Short, and was satisfied with his services. *Id.*

Plaintiff filed this case on May 18, 2017, asserting that the traffic stop and search

-2-

of his vehicle were unlawful. Plaintiff also maintains that the statements made by Corporal Collins in his report are false and the evidence from the search should have been suppressed. Plaintiff believes he was denied his right to a fair trial, to a speedy trial, to due process, and to equal protection under the law by the state court trial judge, the Honorable John Putman. Plaintiff also maintains that he was also forced into taking an illegal plea. He accuses the prosecuting attorney, Wes Bradford, of withholding exculpatory evidence, failing to provide complete discovery, pursuing charges based on fabricated and manufactured evidence, and otherwise engaging in prosecutorial misconduct.

During the course of the state criminal proceeding, Plaintiff was represented by Public Defenders Timothy Bunch, Dan (Charles) Hancock, and Lee Short. He was also represented for a period of time by a Little Rock attorney named Ronald Davis, Jr. Plaintiff believes each of these attorneys provided him ineffective assistance of counsel by, among other things, failing to obtain complete discovery, not filing the motions he thought should be filed, lying to him, and not taking directions from him. At the conclusion of his case, Plaintiff was represented by Lee Short.

On April 27, 2017, prior to filing the instant lawsuit, Plaintiff had filed a motion to remove his state criminal case to federal court. The case was promptly remanded to the Circuit Court of Boone County by opinion and order entered on April 27, 2017, by Chief United States District Judge P.K. Holmes, III. *See State of Arkansas v. Ausler*, 3:17-CR-30003 (Doc. 3). Now he argues that his Fifth, Sixth, Eighth, Fourteenth Amendment, and Equal Protection[1] rights have been violated in the course of his state prosecution and

---

[1]Plaintiff mentions race, torture, slavery, and refers to "whites." However, he does not identify himself by race.

conviction. He also contends the State of Arkansas employs a policy or custom of subjecting citizens to deprivations of procedural due process rights under color of state law.

## II. LEGAL STANDARD

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014)(quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. DISCUSSION

Plaintiff purports to be asserting claims under 42 U.S.C. §§ 1981, 1983, 1985(3), 1986, 1988(a), 2000d, 18 U.S.C. § 241, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and the Equal Protection Clause. As discussed above, the Defendants are the individuals involved in Plaintiff's state court criminal case, including the judge, the prosecutor, and the attorneys who defended him.

### A. State of Arkansas

The claims against the State of Arkansas are subject to dismissal. The claims are barred by the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri,* 973 F.2d 599, 599 -600 (8th Cir. 1992) (citing

*Papasan v. Allain*, 478 U.S. 265, 276 (1986)). "'This bar exists whether the relief sought is legal or equitable.'" *Id.* (quoting *Papasan*, 478 U.S. at 276).

Congress did not abrogate constitutional sovereign immunity when enacting Sections 1981, 1983, 1985 and 1986. *Singletary v. Missouri Dept. of Corrections*, 423 F.3d 886, 890 (8th Cir. 2005) (§ 1981); *Mousseaux v. United States*, 28 F.3d 786 (8th Cir. 1994) (§ 1985); *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (§ 1983); *Young v. Hawaii*, 911 F. Supp. 2d 972, 983 (D. Hawaii 2012)(§ 1986). All claims against the State of Arkansas are subject to dismissal.

### B. Immunity of the Judge

Judge Putman is absolutely immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *see also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Lundt v. Hodges*, 627 F. Supp. 373, 375 (N.D. Iowa 1985) (immunity applies to cases under §§ 1985 & 1986 and other civil rights legislation).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

## C. Immunity of the Prosecuting Attorney

Plaintiff's claim against Wes Bradford is subject to dismissal. The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.* at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity, while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity); *Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (county prosecutors were entitled to absolute immunity from suit); *Snelling v. Westhoff*, 972 F.2d 199, 200 (8th Cir. 1992) (immunity extends to cases under §§ 1983, 1985 & 1986); *Howard v. Rolufs*, 338 F. Supp. 697, 700 (E.D. Mo. 1972) (applying immunity to claims brought under §§ 1981, 1983, 1985).

## D. Challenges to Conviction

To the extent the Plaintiff challenges his conviction, the claims are barred. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that claims for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" are not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512

U.S. 486-87. This is true even if the plaintiff's time for filing state post-conviction motions has passed. *See e.g., Cunningham v. Gates*, 312 F.3d 1148, 1153 n.3 (9th Cir. 2002) (noting *Heck* barred § 1983 claims despite fact that habeas relief was time-barred).

### E. 42 U.S.C. § 1981

Section 1981 "provides that all persons shall have the same right to 'make and enforce contracts' and the right to 'the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'" *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (quoting 42 U.S.C. § 1981(a)-(b)). In asserting this claim, it appears Plaintiff is relying upon the Full-and-Equal Benefit clause of § 1981 rather than the Right-to-Contract clause. To establish a prima facie case of discrimination under § 1981, Plaintiff must show that: (1) he is a member of a protected class; (2) the Defendants intended to discriminate on a constitutionally prohibited basis; and (3) that the discrimination interfered with a protected activity as defined in § 1981. *Bediako v. Stein Mart, Inc.*, 354 F.3d at 839.

"While § 1981 prohibits racial discrimination in "all phases and incidents" of a contractual relationship, the statute does not provide a general cause of action for race discrimination." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 468 (8th Cir. 2009)(internal quotation marks and citations omitted). Clearly, Plaintiff has failed to allege a plausible cause of action under this statute.

### F. Equal Protection

"The Equal Protection Clause generally requires the government to treat similarly situated people alike." *Kilinger v. Dept of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994) (citation omitted). "The similarly situated inquiry focuses on whether the plaintiffs are similarly

situated to another group for purposes of the challenged government action and so it is necessary to precisely define the claim in order to determine what government action is being challenged." *Roubideauz v. North Dakota Dept. of Corrections and Rehabilitation*, 570 F.3d 966, 974 (8th Cir. 2009) (internal quotation marks and citation omitted).

Here, Plaintiff has not alleged he was similarly situated to another person or group. He has asserted no plausible Equal Protection claim.

### G. 42 U.S.C. § 1983

"[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

Public defenders and private attorneys do not act under color of law and are not subject to suit under § 1983. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (public defender does not act under color of state law when performing traditional functions as counsel)*; DuBose v. Kelly*, 187 F.3d 999, 1002-03 (8th Cir. 1999) ("[C]onduct of counsel generally does not constitute action under color of law"). No plausible Section 1983 claim has been stated against Defendant attorneys Bunch, Short, Hancock, and Davis

### H. 42 U.S.C. § 1985(3)

Section 1985(3) deals with conspiracies to interfere with the private enjoyment of "equal protection of the laws" and "equal privileges and immunities under the laws." "To prove a § 1985(3) claim: [A] complaint must allege that the defendants did (1) 'conspire

. . . ' (2) 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.' It must then assert that one or more of the conspirators (3) did, or caused to be done, 'any act in furtherance of the object of the conspiracy,' whereby another was (4a) 'injured in his person or property' or (4b) 'deprived of having and exercising any right or privilege of a citizen of the United States.'" *Andrews v. Fowler*, 98 F.3d 1069, 1079 (8th Cir. 1996) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)).

Here, Plaintiff makes only the most general allegations that he was unlawfully arrested and charged with criminal offenses, deprived of a speedy trial, deprived of the effective assistance of counsel, and various other alleged improprieties during his criminal proceedings. The conspiracy must be shown to be "fueled by some 'class-based, invidiously discriminatory animus.'" *Andrews*, 98 F.3d at 1079 (quoting *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993)). Here, Plaintiff has not alleged any facts suggesting that the Defendants acted with class-based animus.

### I. 42 U.S.C. § 1986

Plaintiff's claims under § 1986 are also subject to dismissal for failure to state a claim. Liability under 42 U.S.C. § 1986 is based upon a defendant's neglect or refusal to prevent a § 1985 conspiracy. *See Steele v. City of Bemidji*, 257 F.3d 902, 906 (8th Cir. 2001) (citing *Brandon v. Lotter*, 157 F. 3d 537, 539 (8th Cir. 1998)); *see also Gatlin v. Green*, 362 F.3d 1089, 1095 (8th Cir. 2004) (a section 1986 claim must be predicated upon a valid section 1985 claim).

### J. 42 U.S.C. § 2000d (Title VI of the Civil Rights Act of 1964)

The United States Code at Title 42, Section 2000d, provides as follows:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

Plaintiff makes no allegations suggesting a violation of this statute. He does not suggest he was excluded from participation in any program or activity or denied equal services. He does not allege members of his race were routinely targeted, or that a policy, pattern, or practice of racial profiling exists in his particular case. *See, e.g., Rodriguez v. California Highway Patrol*, 89 F. Supp. 2d 1131, 1134 (N.D. Cal. 2000) (policy, pattern and practice of targeting African-Americans and Latinos in conducting stops, detentions, interrogations and searches of motorists). Similarly, with respect to his prosecution, defense, and the conduct of the proceedings before the state court, Plaintiff has alleged no factual basis for a claim under this statute.

### K. 42 U.S.C. § 1988(a)

This statute does not create a separate cause of action. It merely states that statutes for the protection of civil rights shall be enforced in conformity with the laws of the United States, unless not adapted to that object or deficient in the provisions necessary to furnish suitable remedies, in which case they should be enforced in conformity with the common law, as modified by the Constitution and statutes.

### L. 18 U.S.C. § 241

This is a criminal statute making it unlawful to engage in a conspiracy against any right secured by the Constitution or laws of the United States. A private citizen has no right

-10-

to institute criminal prosecution.  *See Diamond v. Charles,* 476 U.S. 54, 64-65 (1986); *In re Kaminski,* 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989).

## IV.  CONCLUSION

The claims asserted in the Complaint are subject to dismissal as they are frivolous, fail to state claims upon which relief may be granted, or are against individuals immune from suit.  Therefore, all claims except the *Heck*-barred claims are **DISMISSED WITH PREJUDICE**.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  The *Heck*-barred claims, which challenge Plaintiff's conviction, are **DISMISSED WITHOUT PREJUDICE**.  All pending motions are **MOOT**.  Judgment will issue separately.

**IT IS SO ORDERED** on this _19th_ day of June, 2017.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE